IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRIORITY RECORDS, LLC, UMG
RECORDINGS, INC., ARISTA
RECORDS, LLC, and ATLANTIC
RECORDING CORPORATION,

   Plaintiffs,

v.                                                    1:06-cv-01797-WSD

JACQUELYN PEARSON

   Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Second Motion for Summary Judgment [13] ("SJ Motion"). Because Defendant Jacquelyn Pearson ("Pearson") did not respond to the SJ Motion, pursuant to Local Rule 7.1B, the Court deems it unopposed.[1]

On August 1, 2006, Plaintiff record companies ("Plaintiffs") filed a complaint against Pearson for copyright infringement under 17 U.S.C. §§ 101, 106,

---

[1] On January 23, 2007, Plaintiffs filed a First Motion for Summary Judgment. Pearson did not respond to that Motion, and Plaintiffs later moved to withdraw it. On March 23, 2007, Plaintiffs filed the present SJ Motion. Pearson again did not respond. Because of this unusual disposition, Pearson received two notices and had two full 30-periods in which to respond to Plaintiffs' claims. She declined to do so.

and 501-505 (the "Complaint"). Plaintiffs allege they own, or license exclusively, the copyrights to songs Pearson downloaded without permission from the Internet and made available for unauthorized distribution through the KaZaa peer-to-peer network. ("KaZaa"). Pearson answered the Complaint, admitting its factual allegations, apologizing, and promising to destroy all unauthorized copies of the songs in her possession, custody, or control.[2]

To prevail on summary judgment, Plaintiffs must show that "there is no genuine issue of material fact" and that they are "entitled to judgment as a matter of law." Federal R. Civ. Pro. 56(c). See also Evans v. McClain of Georgia, Inc., 131 F.3d 957, 961 (11th Cir. 1997). The Court views all facts and reasonable inferences in the light most favorable to the non-moving party "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007).

---

[2] Pearson also failed to file responses to Plaintiffs' Requests for Admission. Accordingly, the facts of those Admissions, which mirror the allegations of the Complaint, are deemed admitted. Fed. R. Civ. P. 36(a). See also United States v. 2204 Barbara Lane, 960 F.2d 126, 129-30 (11th Cir. 1992) ("requests for admissions are automatically deemed admitted if not answered within 30 days, and . . . the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions.")

Owners of copyrights have exclusive rights to reproduce copyrighted works and to distributed copies of the copyrighted work to the public.  17 U.S.C. § 106(1), (3).  To prove their allegations of copyright infringement, Plaintiffs must prove that they are entitled to enforce the copyrights at issue (that is, that they own the copyright or an exclusive license to it), and that Pearson copied or distributed the copyrighted works without authorization.  See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991); Calhoun v. Llenas Publ., 298 F.3d 1228, 1232 (11th Cir. 2002); 4 M. & D. Nimmer, Nimmer on Copyright § 13.01 at 13-5 & n.4 (2002) ("there are only two elements necessary to plaintiff's case in a [copyright] infringement action: ownership of the copyright by the plaintiff and copying by the defendant.").  Making an unauthorized digital copy of copyrighted music by downloading the music onto a home computer is a "reproduction" prohibited by the Copyright Act.  See, e.g., BMG Music v. Gonzalez, 430 F.3d 888, 893 (7th Cir. 2005); A&M Records, Inc. v. Naptser, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).  Distributing copyrighted music without authorization through a peer-to-peer network is "distribution" prohibited by the Copyright Act.  See, Napster, 239 F.3d at 1014.

Pearson does not dispute that Plaintiffs are entitled to enforce the copyrights in the six songs they allege she illegally copied and distributed, nor does she dispute that those copyrights are registered. There is no dispute, and Pearson appears to admit, that she downloaded the songs to her computer without authorization, and made them available for redistribution to other computers through KaZaa. Plaintiffs have established six counts of copyright infringement as a matter of law.

Once copyright infringement has been established, the copyright owner is entitled to elect either statutory or actual damages. See 17 U.S.C. § 504(c)(1). If a plaintiff elects statutory damages, the Court must award them, even if the amount of actual damage incurred was negligible. See Cable/Home Comm. Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990). Statutory damages are awarded "in a sum not less than $750 or more than $30,000 as the court considers just," per infringement. 17 U.S.C. § 504(c)(1). Plaintiffs have requested the statutory minimum amount of $750.00 for each of the six copyrights infringed, amounting to total damages of $4,500. The Court has considered the circumstances of this case, and finds a minimum statutory fine of $750.00 per copyright violation just and appropriate.

Plaintiffs also request a permanent injunction prohibiting Pearson from further infringement of Plaintiff's copyrights. A Court has discretion to issue injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In light of the potentially broad nature of Pearson's infringements, which could result in a large number of unauthorized reproductions of songs distributed from her computer through the KaZaa network, entry of an injunction is appropriate.

Plaintiffs last request costs in the amount of their $350.00 filing fee. The Copyright Act permits the Court, in its discretion, to allow the recovery of full costs against any party other than the United States. 17 U.S.C. § 505. An award of costs would serve to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the courts to protect their works; and (3) penalize the losing party and compensate the prevailing party." A&N Music Corp. v. Venezia, 733 F. Supp. 955, 959 (E.D. Penn. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Summary Judgment [13] is **GRANTED**.  Plaintiffs are awarded $4500.00 in statutory damages against Defendant Pearson.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $350.00 in costs against Defendant Pearson.

**IT IS FURTHER ORDERED** that Defendant Pearson is hereby **ENJOINED** from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted recordings at issue in this Order, or in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs, or by any parent, subsidiary, or affiliate thereof ("Plaintiffs' Recordings"), including by using the Internet or any online media distribution system to reproduce or download any of Plaintiffs' Recordings, to distribute or upload any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with Plaintiffs' express authority.  Defendant Pearson shall also destroy all copies of Plaintiffs' Recordings that she has downloaded onto any computer hard drive or server without Plaintiffs' authorization, and shall destroy all copies of

such unauthorized recordings transferred onto any physical medium or device (e.g., CD, CD-ROM, flash drive, etc.) in her possession, custody, or control.

**SO ORDERED** this 16th day of May, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE